RECEIVED
FEB 11 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 04-60057-01 |
| | * | 18 U.S.C. § 1001(a)(2) |
| VERSUS | * | |
| | * | JUDGE DOHERTY |
| MOHAMMAD SALMAN FAROOQ QURESHI | * | MAGISTRATE JUDGE HILL |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and the defendant, MOHAMMAD SALMAN FAROOQ QURESHI, and his undersigned attorney, as follows:

1.

MOHAMMAD SALMAN FAROOQ QURESHI, being fully cognizant of his rights and in exchange for the considerations to be made by the United States as set forth in paragraph two (2) below agrees pursuant to Rule 11, Federal Rules of Criminal Procedure, as follows:

A. The defendant is knowingly and voluntarily entering a guilty plea to Count 1 of the Bill of Information which charges him with False Statement to Federal Agents [18 U.S.C. § 1001]. The defendant is pleading guilty because he is guilty, and acknowledges the facts set out in the attached "Stipulated Factual Basis for Guilty Plea."

B. The defendant agrees to cooperate fully, completely, and truthfully with any law enforcement agencies in any investigation about which he has relevant information, such cooperation including, but not limited to, testifying before the grand jury, a military tribunal, or at trial if requested.

The defendant understands that while he is being afforded limited use immunity for all statements hereinafter provided to law enforcement agents and for all testimony given as a government witness, such statements and testimony are subject to the penalties of perjury and giving false statements if not completely honest and factual, and that this Plea Agreement can be withdrawn if the defendant makes false statements, withholds relevant information, or misrepresents his role in the offense and the activity upon which this investigation is based.

The defendant agrees, upon request of the United States, to voluntarily submit to polygraph examinations to be conducted by a polygraph examiner of the United States choice. The defendant stipulates to the admissibility of the results of these polygraph examinations if later offered in a proceeding to determine the defendant's compliance with this plea agreement; however, the defendant reserves the right to challenge the weight that should be attributed to such polygraphs.

C. The defendant agrees to provide all documents, records, writings, or materials, objects or things of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation, except documents privileged under the attorney-client privilege.

D. The defendant acknowledges and understands that this case is governed by the Sentencing Reform Act and has discussed the Sentencing Guidelines and their applicability with his counsel. The defendant understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation and that sentencing in this matter is within the discretion of the Court.

The defendant further understands and acknowledges that the maximum punishment on Count 1 is a term of imprisonment of not more than five (5) years (pursuant to Title 18, United States Code, Section 1001), or a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571), or both, and that under the Sentencing Reform Act, the defendant may receive a term of Supervised Release of not more than three (3) years in length in addition to any term of imprisonment imposed by the Court. The defendant does not oppose the Government's recommendation that he receive the maximum term of Supervised Release of three (3) years. The defendant understands that a violation of the conditions of Supervised Release at any time during the period of Supervised Release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court. The defendant further understands that the period of incarceration for a violation of a condition of Supervised Release could be as much as two years regardless of the amount of time of the Supervised Release defendant had successfully completed.

E. The defendant waives all objections and defenses to the Bill of Information regarding duplicity.

F. The defendant agrees to his continued detention pending sentence, pursuant to 18 U.S.C. § 3143(a).

G. The defendant agrees to surrender his United States passport *to the USAO*, and he agrees that during the five (5) years following his release from any sentence of imprisonment imposed he will not obtain nor apply for a United States passport.

H. The defendant agrees that upon release from any sentence of imprisonment which may be imposed, and consistent with his obligation to cooperate with the Government as provided in Paragraph 1B of this Plea Agreement, should he be permitted to return to Pakistan during his term of Supervised Release, in addition to any other conditions the Court may order, the defendant agrees to file written reports monthly or as otherwise requested by his probation officer. The defendant further agrees that during his term of Supervised Release, should he be permitted to return to Pakistan, he will provide written notice to his probation officer and to *the U.S. Attorney's office* at least thirty (30) days in advance of any travel by the defendant outside of Pakistan. Said notice will provide all details concerning the purpose of travel, itinerary and persons involved.

I. The defendant hereby assigns to the United States any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information relating directly or indirectly to the illegal conduct alleged in the Bill of Information. This assignment shall include all profits and proceeds for the benefit of the

4

defendant, regardless of whether such profits and proceeds are payable to himself or others, directly or indirectly, for his benefit or for the benefit of the defendant's associates or a current or future member of the defendant's family. The defendant shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of the defendant's family, or to any other person or entity that would provide some financial benefit to the defendant, to the defendant's associates, or to a current or future member of the defendant's family. Moreover, the defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

2.

In exchange for the consideration set forth in Section 1 above, the United States Attorney for the Western District of Louisiana agrees as follows:

A. In consideration of the defendant, MOHAMMAD SALMAN FAROOQ QURESHI, entering a plea of guilty to the one-count Bill of Information filed in this cause, a basis in fact for said plea being established by this Court, pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(1)(A), the Government agrees that it will dismiss the Indictment pending against the Defendant after sentencing. Defendant understands and agrees that should this plea be overturned for any reason at a later date, the Indictment,

in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the Government.

B. The Government informs the Court [pursuant to U.S.S.G. 3E1.1(b) (Acceptance of Responsibility)] that the defendant has earned a one point reduction in his offense level should that offense level be 16 or greater, as Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

C. The Government recommends to the Court that the terms and conditions of Supervised Release agreed to by the defendant in Paragraph 1H of this Plea Agreement be included with any other conditions the Court may order. The Government further recommends to the Court that the defendant be given the maximum term of Supervised Release of three (3) years. The defendant does not oppose this recommendation.

3.

## GENERAL PROVISIONS

A. The defendant understands that a special assessment of $100.00 will be imposed by the Court. As a condition of the Plea Agreement, defendant agrees to tender this amount, by certified check or money order, payable to "Clerk, U.S. District Court," immediately following the arraignment herein, and defendant understands that the failure to do so will be a violation of this Plea Agreement.

6

B. The defendant understands that the Government will recommend to the Court that any fine and/or restitution imposed as part of Defendant's sentence be made due and payable immediately. The Government will further recommend that the Court order that any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution award be applied toward the fine and/or restitution award.

C. The defendant further understands that parole has been abolished and if he is sentenced to confinement he will not be released on parole, and may be subject to Supervised Release following confinement. While on Supervised Release, he understands he would be subject to the conditions of Supervised Release specified by the court, and that Supervised Release may be revoked if he violates those conditions. The defendant also understands that if his Supervised Release is revoked for the violation of any condition, he could be confined for two years regardless of the amount of time of the Supervised Release defendant had successfully completed. Hence, the combined time spent in prison under a sentence of confinement and a subsequent revocation of supervised release may exceed the statutory maximum confinement penalty.

D. The defendant, MOHAMMAD SALMAN FAROOQ QURESHI, acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily.

E. The United States and the defendant, MOHAMMAD SALMAN FAROOQ QURESHI, agree that the sentence to be imposed is governed by the Sentencing Guidelines as promulgated by the Sentencing Commission under the Sentencing Reform

Act of 1984 and as modified by <u>United States v. Freddie J. Booker</u>, No. 04-104, 2005 WL 50108 (January 12, 2005). The defendant, MOHAMMAD SALMAN FAROOQ QURESHI, acknowledges that he has thoroughly and adequately discussed with his lawyer the effects of the Guidelines with respect to the entry of his guilty plea.

F. The United States and the defendant agree that no promises or representations have been made as to what sentence the Court will impose; and defendant, MOHAMMAD SALMAN FAROOQ QURESHI, understands that the Court may consider any applicable Sentencing Guidelines and may consider an independent recommendation by the United States Probation Officer, who will prepare a Pre-Sentence Report. Defendant, MOHAMMAD SALMAN FAROOQ QURESHI, acknowledges that he will not be entitled to withdraw his plea in the event the Court deviates from the Guidelines or applies the Guidelines differently than he or his attorney have calculated.

G. At sentencing, the United States Government will be permitted to bring to the Court's attention for its consideration, all relevant information with respect to the defendant's background, character and conduct, as well as the nature and extent of the defendant's cooperation, if any.

H. In the event that the defendant's plea of guilty is withdrawn, or the conviction vacated, the defendant agrees not to assert the statute of limitations as a defense to any criminal prosecution involving or related to the offenses that are the subject of this plea agreement if such offenses are not time barred as of the date of this agreement.

I. The defendant further acknowledges that he is satisfied with the assistance he has received from counsel, Mr. Lester Gauthier, Jr., whom he believes has acted competently in this matter.

ACKNOWLEDGMENTS:

I have read this Agreement and have carefully reviewed every part of it with my counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement. I fully understand it, and I voluntarily agree to it.

2/11/05
Date

MOHAMMAD SALMAN FAROOQ QURESHI
Defendant

2/11/05
Date

LESTER GAUTHIER, JR.
Attorney at Law
Post Office Drawer 3371
Lafayette, LA 70502
Phone: (337) 264-1783

DONALD W. WASHINGTON
United States Attorney

2-11-05
Date

RICHARD A. WILLIS, ID # 800044
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618